# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Craig Latwain Chestnut, | ) | Civil Action No. 9:21-cv-02018-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Trenton Smith, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 77) recommending the Court grant Defendant's motion for summary judgment (Dkt. No. 46). For the reasons set forth below, the Court adopts the R & R as the order of the Court to grant Defendant's motions for summary judgment.

## I. Background

Craig Latwain Chestnut ("Plaintiff") proceeding *pro se* and *in forma pauperis* filed this civil rights action pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious medical need in violation of his Eighth Amendment rights while housed at the Ridgeland Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 1). During intake, John Alden, a Physician's Assistant at RCI became aware that Plaintiff had a medical condition called achalasia. (Dkt. No. 46-4 at 2). Plaintiff's condition makes it difficult for food and liquid to pass through his food pipe and into his stomach. (Dkt. No. 46-2 at 2); (46-4 at 2). Due to his condition, Plaintiff had a percutaneous endoscopic gastronomy tube ("PEG tube") placed in his stomach for nutrition and hydration needs. (Dkt. No. 46-2).

1

Plaintiff asserts Defendant Trenton Smith violated his Eighth Amendment rights by failing to provide proper medical care for Plaintiff's achalasia while housed at the department. (Dkt. No. 1). Defendant Smith is a registered nurse and is the institutional health care authority for RCI. (Dkt. No. 46-2 at 1). Plaintiff alleges that on March 10, 2021, he informed Defendant Smith he was having medical issues related to his PEG tube and was told it was not important. (Dkt. No. 1 at 5-6). He alleges that on April 19, 2021, Defendant Smith told him that his medical issue was not a priority and that he could not be given medical care. (*Id.*). Plaintiff requested a surgery that would enable him to no longer use the PEG tube, which was denied on May 4, 2021, by gastrointestinal specialists at Beaufort Memorial Hospital ("BMH"). (Dkt. No. 46-2 at 12).

Defendant filed a motion for summary judgment seeking to dismiss Plaintiff's claims. (Dkt. No. 46). Plaintiff filed a response in opposition. (Dkt. No. 60). Defendant field a reply. (Dkt. No. 66). The Magistrate Judge issued an R & R on June 3, 2022, recommending the court grant Defendant's motion for summary judgment. (Dkt. No. 77). Plaintiff has not filed objections to the R & R. The matter is ripe for the Court's review.

## II. Legal Standard

### a. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life*

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

    b. ***Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

    c. **Summary Judgment**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III.   Discussion

After a thorough review of the R & R, the record, and the parties' arguments, the Court finds the Magistrate Judge comprehensively addressed the issues and correctly concluded that Defendant's motion for summary judgment should be granted as to Plaintiff's § 1983 Eighth Amendment claim for deliberate indifference to a serious medical need asserted against Defendant Smith in both his official and individual capacity.

First, the Magistrate Judge correctly determined that because Defendant Smith is an employee of SCDC, he is entitled to Eleventh Amendment immunity in his official capacity. *Simpson v. S.C. Dep't of Corr.*, No. 2:19-cv-2245-RMG, 2020 WL 582321, at * 2 n.1 (D.S.C. Feb. 6, 2020) (noting that Eleventh Amendment immunity "extends to 'arm[s] of the State', including state agencies and state actors acting in their official capacity and that SCDC is a "state agency" and thus "an arm of the State of South Carolina.").

Second, there is strong support in the record that there was no deliberate indifference to any serious medical need of the Plaintiff and no violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. Under the Eighth Amendment, prisoners have the

4

right to receive adequate medical care while incarcerated. *See Scinto v. Stansberry*, 841 F.3d 219, 236 (4th Cir. 2016). When a prison official demonstrates "deliberate indifference" to an inmate's serious medical needs, a constitutional violation occurs under the Eighth Amendment. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 101–06 (1976). To state a claim under Section 1983 for deliberate indifference to serious medical needs, a prisoner must show that he had a serious medical need and that officials knowingly disregarded that need and the substantial risk it posed. *King v. Rubenstein*, 825 F.3d 206, 218–20 (4th Cir. 2016); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–11 (4th Cir. 2017). A "serious medical need" is a condition "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer*, 849 F.3d at 210 (citation omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them. *See Scinto*, 841 F.3d at 225–26.

It is undisputed Plaintiff's achalasia is a serious medical need. However, the records do not reflect that Defendant Smith knowingly disregarded Plaintiff's serious medical need. Plaintiff alleges he requested and was denied medical attention related to his condition on March 10 and April 19. The record does not reflect he requested or needed medical attention those dates. (Dkt. No. 46-2 at 16). Instead, Plaintiff received medical treatment for issues with his PEG tube on March 21, 2021, March 24, 2021, and March 30, 2021. (Dkt. No. 46-4 at 3); (Dkt. No. 46-2 at 11). Between November 25, 2020, and September 2, 2021, Plaintiff was seen by SCDC's medical department more than 150 times for his medications and complications from his PEG tube, such as leaking and bleeding. (Dkt. No. 46-2 at 7-8); (Dkt. No. 46-3). Plaintiff manipulated his PEG tube by physically damaging it or removing it and was often non-compliant with medical orders.

(Dkt. No. 46-4 at 2); (Dkt. No. 46-2 at 7). Plaintiff was sent to have the PEG tube replaced nineteen times. (Dkt. No. 46-2 at 8). Defendant Smith and SCDC medical staff administered liquid nutritional supplement to Plaintiff daily through his PEG tube to help him intake nutrition and water. (Dkt. No. 46-2 at ¶ 5).

Plaintiff wanted a surgical procedure that would enable him to no longer use his PEG tube. Plaintiff's requests for surgery were denied on May 4, 2021, by GI Specialists at BMH because they found immediate corrective surgery was not needed. (Dkt. No. 46-2 at 12). The GI specialists told Plaintiff the surgical procedure was impossible in his case and not good for his health. (Dkt. No. 46-4 at 4). Thus, at most, Plaintiff disagreed with his course of treatment which is not an Eighth Amendment violation. *Scinto*, 841 F.3d at 225.

Third, the Court finds strong support for the Magistrate Judge's recommendation that summary judgment be granted on the basis of qualified immunity since Plaintiff has failed to establish a deprivation of any constitutional right.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 77) as the order of the Court and **GRANTS** Defendant's motion for summary judgment. (Dkt. No. 46).

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

June 28, 2022<br>
Charleston, South Carolina

6